# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

JESUS GONZALEZ, *an individual*,

                    Plaintiff,                          CASE NO.:

vs.

YAJAIRA SALON DOMINICANO, CORP.,
*a Florida corporation, and* SOUTHERN POINT PROPERTIES LLC, *a
Florida limited liability company,*

                    Defendants.

_____ /

## **COMPLAINT**

      Plaintiff, JESUS GONZALEZ (hereinafter "Plaintiff"), sues Defendants, YAJAIRA

SALON DOMIICANO, CORP. and SOUTHERN POINT PROPERTIES LLC (hereinafter

"Defendants"), for injunctive relief, attorneys' fees and costs, including but not limited to

disbursements, court expenses and fees, pursuant to 42 U.S.C. § 12181 *et seq*. (hereinafter

"AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines

28 C.F.R. Part 36 (hereinafter "ADAAG"), and alleges as follows:

## **JURISDICTION AND VENUE**

      1.      This is an action for declaratory and injunctive relief brought pursuant to Title III

of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with

original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

      2.      Venue is proper and lies in this Court pursuant to 28 U.S.C. §1391 in that the

transaction or occurrence giving rise to this lawsuit occurred in the Southern District of Florida.

## THE PARTIES

3.     At all times material hereto, Plaintiff, JESUS GONZALEZ, was and is over the age of 18 years, *sui juris*, and a resident of the State of Florida.

4.     Plaintiff has at all material times suffered from a "qualified disability" under the ADA. Plaintiff has been diagnosed with paraplegia and uses a wheelchair for mobility purposes.

5.     Defendant, SOUTHERN POINT PROPERTIES LLC, is a Florida limited liability company, authorized to doing and doing business in this District; specifically, Defendant owns the property housing that certain business known as X Mobile, located at 1300 W. Flagler Street, Miami, FL 33135 (referred to herein as the "Subject Property").

6.     Defendant, YAJAIRA SALON DOMINICANO, CORP. is a Florida corporation authorized to do and doing business in this District; specifically, Defendant operates that certain business known as X Mobile, located within the Subject Property.

7.     All events giving rise to the instant action occurred in Miami, Florida.

8.     Venue is proper in the Southern District of Florida in that the Subject property is located in Miami-Dade County, Florida, which is in this District.

## COUNT I
## VIOLATIONS OF THE ADA

9.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

10.     On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

11.     Congress specifically found, *inter alia*, that:[1]

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

a.      Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

b.      Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c.      Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

d.      Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

e.      The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

12.      Congress explicitly set forth the purpose of the ADA; to wit:[2]

(i)      Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)      Provide a clear, strong, consistent, enforceable standard addressing discrimination against individuals with disabilities; and,

---

[2] 42 U.S.C. § 12101(b) (1) (2) and (4).

3

DocuSign Envelope ID: 845291A7-DB5B-4006-BF22-6A3FB534B736

(iii)     Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

13.     The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA.

14.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

15.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

16.     Upon information and belief, the Subject Property has begun operations, and/or has undergone substantial remodeling, repairs and/or alterations since January 26, 1992, and/or has sufficient income to make readily achievable accessibility modifications.

17.     Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

18.     The plaintiff is a resident of Coral Gables, Florida. Plaintiff visited the Subject Property but was unable to enter the Subject property because he is in a wheelchair.

19.     Specifically, there is a change in level at the entrance to the Subject Property exceeding ½ (one-half) inch that is not ramped in violation of section 303.4 of the 2010 ADAAG

---

[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

standards. Due to this inaccessible barrier present at the accessible entrance, the Subject Property

lacks at least one accessible route provided within the site to the public streets and sidewalks in

violation of section 206.2.1 of the 2010 ADAAG standards.

20.     At the time of his visit, Plaintiff took the following photo of the barrier that blocked

his entry into the Subject property:



21.     This is not intended as a complete list of ADA and ADAAG violations at the

Subject Property. Plaintiff intends to conduct a full expert inspection during discovery, and to

supplement this Complaint with any other access barriers found upon the Subject Property. Additional violations will be set forth within Plaintiff's expert disclosures and report, following inspection made pursuant to Fed. R. Civ. P. 34.

22.     Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

23.     Plaintiff intends to visit the Subject Property again in the future (upon the Defendants' compliance with an Order of this Court requiring that Defendants remedy the subject ADA violations), as a tester of ADA compliance, in order to utilize goods, services, facilities, privileges, advantages and/or accommodations offered at the Subject Property; however, in light of his disabilities, unless and until the Subject Property is brought into compliance with the ADA and its implementing regulations, Plaintiff will remain unable to fully, properly, and safely access the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

24.     As a result of the foregoing, Defendants have discriminated against Plaintiff and others with disabilities, by denying full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations within the Subject Property. This discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*. Such will continue unless and until Defendants are compelled by this Court to remove all physical barriers upon the Subject Property which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Subject Property, accessible to and usable by persons with disabilities.

25.     This Court is vested with authority to grant injunctive relief, including entry of an Order requiring alteration and modification of the Subject Property, and/or alteration and

DocuSign Envelope ID: 845291A7-DB5B-4006-BF22-6A37B534B726

modifications to Defendants' policies and procedures, so as to make the Subject Property readily accessible to and useable by individuals with disabilities to the extent required by law.

26.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorneys' fees, costs, and litigation expenses, all of which are recoverable against the Defendants.[6]

WHEREFORE, Plaintiff hereby demands judgment against the Defendants, and requests the following injunctive and declaratory relief:

a)      A declaration that the Subject Property owned, leased, operated, and/or controlled by Defendants is in violation of the ADA;

b)      An Order requiring Defendants to alter their facilities and amenities to make them accessible to and useable by individuals with disabilities as required by Title III of the ADA;

c)      An Order issuing a permanent injunction ordering Defendants to close the Subject Property and cease all business until Defendants remove all violations under the ADA, including but not limited to the violations set forth herein;

d)      An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of the Plaintiff; and

e)      For such other and further relief that this Court deems just, necessary and proper.

DATED this **14th** day of **May,** 2024.

---

[6] 42 U.S.C. §§ 12205, 12117

DocuSign Envelope ID: 845291A7-DB5B-4006-BF22-6A37B534B736

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Suite 500
Fort Lauderdale, FL 33301
PH: (954) 745-0588

By:  /s/ Nolan Klein
NOLAN KLEIN, ESQ.
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com

and

**ENTIN LAW GROUP, P.A.**
*Co-counsel for Plaintiff*
1213 S.E. Third Avenue
Fort Lauderdale, FL 33316
Tel: (954) 761-7201

By:  /s/ Joshua M. Entin
JOSHUA M. ENTIN, ESQ.
Florida Bar No. 493724
josh@entinlaw.com

## VERIFICATION

I hereby certify that I have read the allegations in the above complaint and the allegations are true and correct to the best of my knowledge, information, and belief.

DocuSigned by:

*Jesus Gonzalez*
AF11C7979E974A5...
JESUS GONZALEZ